UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SHANNON KAHN,<br><br>　　　　　　　　Plaintiff,<br><br>　v.<br><br>TRANSFORCE, INC., d/b/a<br>TRANSFORCE GROUP, a foreign profit corporation,<br><br>　　　　　　　　Defendant. | No.  2:22-cv-01086<br><br>COMPLAINT FOR DAMAGES<br><br>JURY DEMAND |

## I.　PARTIES

1.1.　Plaintiff Shannon Kahn is a woman residing in King County, Washington.

1.2.　Defendant Transforce, Inc., d/b/a Transforce Group ("Transforce" or "Company") is a Virginia for profit corporation with its principal place of business in Alexandria, Virginia.

## II.　JURISDICTION AND VENUE

2.1.　The Court has original jurisdiction over this case pursuant to 28 U.S.C. § 1332(a), as this matter arises between citizens of different States and the amount in controversy exceeds $75,000.

COMPLAINT FOR DAMAGES
AND JURY DEMAND – 1

SCHROETER, GOLDMARK & BENDER
401 Union Street ● Suite 3400 ● Seattle, WA  98101
Phone (206) 622-8000 ● Fax (206) 682-2305

2.2.  Venue is proper with this Court pursuant to 28 U.S.C. § 1391(b).

### III.  STATEMENT OF FACTS

3.1.  Defendant Transforce is a staffing and recruiting company with a focus on the transportation industry. The bulk of the Company's operations are dedicated to matching licensed, long-haul truck drivers with open driver positions. In recent years, Transforce has expanded its business operations beyond staffing and recruiting to other areas of the transportation industry, including acquiring Commercial Driver's License (CDL) schools and Safety Training Modules.

3.2.  Transforce hired Ms. Kahn on a three-month consulting contract in July 2020. In the fall of 2020, when her contract was set to expire, the Company hired Ms. Kahn on a full-time basis as its Chief Sales Officer (CSO).

3.3.  Prior to joining Transforce, Ms. Kahn enjoyed decades of success in corporate leadership roles, including years of experience in recruiting and staffing in the skilled trades sector.

3.4.  As the CSO, Ms. Kahn was primarily responsible for leading the Company's sales operations, including building a sales organization aligned with company growth strategy, leading sales initiatives, attracting new customers, and growing existing customers.

3.5.  Ms. Kahn enjoyed early success as Transforce's CSO. In that role, she drove increases in the Company's SMB, mid-market, and National Accounts revenue. She also led efforts to further develop the Company's Drive 360 program, resulting in hundreds of thousands in additional revenue to the Company in 2021.

3.6.  Despite her early success, Ms. Kahn was treated differently than her male counterparts. She had diminished access to her boss, CEO Dennis Cooke. While Mr. Cooke

COMPLAINT FOR DAMAGES
AND JURY DEMAND – 2

SCHROETER, GOLDMARK & BENDER
401 Union Street • Suite 3400 • Seattle, WA  98101
Phone (206) 622-8000 • Fax (206) 682-2305

routinely engaged in one-on-one meetings with his male direct reports, Ms. Kahn was forced to initiate meetings with him. Although Ms. Kahn was a key member of the leadership team, Mr. Cooke seldom (if ever) reached out to discuss strategy or her ideas.

3.7. She was also excluded from key meetings regarding areas directly related to her job and her performance objectives, while other men on the team were included.

3.8. Ms. Kahn was also singled out and penalized for expressing her opinions related to the Company's performance and execution. When she asked questions or expressed concerns about certain of Transforce's initiatives, she was labelled as being "not on board" with the direction of the Company and the cause of conflict. This was so despite the fact that the concerns she raised were shared and expressed by some of her male colleagues and Transforce customers.

3.9. Shortly after joining Transforce, Ms. Kahn advocated for the Company to take steps to increase diversity and inclusion in the workplace. Her suggestions were largely ignored or brushed aside

3.10. On May 5, 2022, Transforce terminated Ms. Kahn's employment because there was allegedly "too much conflict." The Company's proffered reason for termination was pretext for gender discrimination and retaliation for Ms. Kahn advancing diversity and inclusion efforts in the workplace. This alleged "conflict" was actually created by her male colleagues' reactions to her legitimate questions, or the perception that mere disagreement was creating undue conflict.

3.11. The day after her termination, the Company announced that it was hiring a man to take over her role.

COMPLAINT FOR DAMAGES
AND JURY DEMAND – 3

SCHROETER, GOLDMARK & BENDER
401 Union Street ● Suite 3400 ● Seattle, WA 98101
Phone (206) 622-8000 ● Fax (206) 682-2305

## IV. LEGAL CLAIMS

### A. FIRST CAUSE OF ACTION: DISCRIMINATION IN VIOLATION OF THE WASHINGTON LAW AGAINST DISCRIMINATION.

4.1. Plaintiff realleges the above statement of facts as though fully stated here.

4.2. Transforce subjected Plaintiff to intentional discriminatory treatment on the basis of sex in connection with the terms and conditions of her employment in violation of RCW 49.60.030 and .180.

4.3. As a direct and proximate result of the foregoing, Plaintiff has suffered and will continue to suffer loss of compensation and benefits, emotional distress, anxiety, humiliation and embarrassment, each in amounts to be proven at trial.

### B. SECOND CAUSE OF ACTION: RETALIATION IN VIOLATION OF THE WASHINGTON LAW AGAINST DISCRIMINATION.

4.4. Plaintiff realleges the above statement of facts as though fully stated here.

4.5. Transforce violated RCW 49.60.210 when it retaliated against Plaintiff for her opposition to practices prohibited by the Washington Law Against Discrimination and for actively promoting diversity and inclusion in the workplace.

4.6. As a direct and proximate result of the foregoing, Plaintiff has suffered and will continue to suffer loss of compensation and benefits, emotional distress, anxiety, humiliation, and embarrassment, each in amounts to be proven at trial.

## V. PRAYER FOR RELIEF

Wherefore, Plaintiff prays judgment in her favor and for relief as follows:

5.1. Damages for lost compensation and benefits in an amount to be proven at trial;

COMPLAINT FOR DAMAGES
AND JURY DEMAND – 4

SCHROETER, GOLDMARK & BENDER
401 Union Street • Suite 3400 • Seattle, WA 98101
Phone (206) 622-8000 • Fax (206) 682-2305

5.2. Damages for emotional distress, anxiety, humiliation and embarrassment in amounts to be proven at trial;

5.3. Prejudgment interest and post-judgment interest;

5.4. Attorneys' fees, expenses, and costs;

5.5. Statutory damages under RCW 49.58.070;

5.6. Increased payment to offset any additional income taxes triggered by judgment in her favor;

5.7. Such other relief as this Court deems just and proper.

DATED this 3rd day of August, 2022.

SCHROETER GOLDMARK & BENDER

_____
REBECCA J. ROE, WSBA #7560
CARSON PHILLIPS-SPOTTS, WSBA #51207
Counsel for Plaintiff

COMPLAINT FOR DAMAGES
AND JURY DEMAND – 5

SCHROETER, GOLDMARK & BENDER
401 Union Street • Suite 3400 • Seattle, WA 98101
Phone (206) 622-8000 • Fax (206) 682-2305